### 4251. GEORGIA NORTHERN RAILWAY COMPANY v. HARDWICK.

RUSSELL, J. 1. That the trial judge, after instructing the jury that it was the duty of the plaintiff to use ordinary care to avoid the consequences of the defendant's negligence, if they found the defendant was negligent, used the expression "due care," in submitting this question of fact to the jury, is not such an error as requires the grant of a new trial.

2. The continued use of a depot or platform by a railroad company, for the convenience of passengers in entering or leaving its trains, imposes upon the railroad company, regardless of the origin or ownership of the depot or platform, the duty of maintaining it in such condition as to insure the safety of passengers; and, for injuries resulting from failure to use due care in this respect, the railroad company will be liable for damages.

3. The evidence authorized the verdict.       *Judgment affirmed.*

DECIDED FEBRUARY 11, 1913.

Action · for damages; from Brooks superior court—Judge Thomas. April 27, 1912.

*J. W. Walters, Bennet & Long,* for plaintiff in error.

*W. A. Covington, M. Baum, Branch & Snow,* contra.

### 4259. MEDDERS v. COX.

RUSSELL, J. Where a judgment was rendered by a justice of the peace at a place other than the regular place for holding court, and, by consent of parties, an appeal from the judgment was entered to a jury in that court, and the appeal was tried at the lawful place for holding court, a certiorari from an adverse judgment rendered on the appeal, complaining that the first judgment was void because not rendered at the regular place for holding court, was properly overruled. The judgment of the magistrate being void for the reason stated, the appeal could be treated as one entered by consent before the rendition of a judgment. Civil Code of 1910, § 4740. Under this view, the error, if any, in striking the exception to the answer was immaterial.

      *Judgment affirmed.*

DECIDED FEBRUARY 11, 1913.

Certiorari; from Worth superior court—Judge Frank Park. May 11, 1912.

*Tison & Bell,* for plaintiff in error. *J. J. Forehand & Son,* contra.